UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11401-RGS

LEONARD BACKSLAY

v.

THE COLLIER COUNTY JAIL

ORDER

June 23, 2023

Leonard Backslay, while in custody at the Collier County Jail in Seminole, Florida, filed a *pro se* pleading that opens by stating that his "name is allegedly Backslay Leonard." Doc. No. 1. He then provides his social security number and states that he "did not sign for this contract." *Id.*

The first paragraph of Backslay's pleading references his efforts to determine the legal basis for his confinement and the remainder of the pleading consists of an explanation of the Moroccan-American treaty of peace and friendship of 1976. *Id.* He states that he is claiming himself "as a sovereign citizen" and that he is "invoking his] rights under the treaty of peace & friendship." *Id.* Backslay states that he has "asked [his] kidnapper & commander under what law they are operating." *Id.*

The court construes the initiating pleading as a petition for writ of habeas corpus, and as such, the court lacks jurisdiction because Backslay is not confined in the District of Massachusetts, but rather in the Middle District of Florida.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that habeas corpus jurisdiction lies in district of confinement); 28 U.S.C. §2241(a)  ("Writs of habeas corpus may be granted by...the district court[]...within [its]...jurisdiction[]").  Because this court lacks jurisdiction over the petition, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.  The court rules that it is not in the interest of justice to transfer this petition inasmuch as Backslay seeks release based upon the Treaty of Peace and Friendship which has never been recognized as a jurisdictional basis for habeas relief.  *See Jones-El v. South Carolina*, No. 5:13-cv-01851, 2014 WL 958302, at *8 (D.S.C. March 11, 2014) (rejecting claim based on status as Moorish American and reliance on the Treaty of Peace and Friendship "whether raised under § 2254, § 2241, or by way of a civil complaint").

Accordingly, the petition is DENIED and the action is DISMISSED for lack of jurisdiction.  The Clerk is directed to enter a separate order of

dismissal and notify Backslay by mail at his address of record.

                SO ORDERED.

                /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE